UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRELL TORRY TAYLOR,<br><br>  Petitioner,<br><br>  v.<br><br>CALVIN JOHNSON, *et al.*,<br><br>  Respondents. | Case No. 2:21-cv-00948-RFB-DJA<br><br>**ORDER** |

This is a habeas corpus action, initiated pro se on May 17, 2021, by Terrell Torry Taylor, an individual incarcerated at Nevada's High Desert State Prison.

On November 3, 2021, Taylor filed a motion for appointment of counsel (ECF No. 11). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however, appoint counsel "if the interests of justice so require." See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; Chaney, 801 F.2d at 1196. The Court determines that, in the interests of justice, appointment of counsel is warranted in this case.

On December 20, 2021, Respondents filed a motion to dismiss Taylor's pro se habeas petition (ECF No. 13). The Court will deny that motion to dismiss as moot, and without prejudice. The Court will grant Taylor an opportunity to file an amended habeas petition, with the benefit of counsel, after appointed counsel appears on his behalf.

On December 20, 2021, Respondents also filed a motion for leave to file certain exhibits—their Exhibits No. 73, 77 and 78—under seal (ECF No. 26). The exhibits Respondents propose to file under seal are presentence investigation reports. While courts prefer that the public retain access to judicial filings and documents, see Nixon v.

Warner Communications, Inc., 435 U.S. 589, 597 (1978), a party may request sealing of a judicial record by demonstrating "compelling reasons" to do so. See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006). The Court finds that the exhibits in question contain confidential information, and that there are compelling reasons to have those exhibits filed under seal.

    **IT IS THEREFORE ORDERED** that Petitioner's Motion for Appointment of Counsel (ECF No. 11) is **GRANTED**.

    **IT IS FURTHER ORDERED** that The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner. If the FPD is unable to represent the petitioner due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

    **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1).

    **IT IS FURTHER ORDERED** that the FPD will have 30 days from the date of this order to file a notice of appearance, or to indicate to the Court its inability to represent the petitioner in this case.

    **IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 13) is **DENIED** as moot and without prejudice.

    **IT IS FURTHER ORDERED** that Respondents' Motion for Leave to File Exhibits Under Seal (ECF No. 26) is **GRANTED**. As the exhibits in question have already been filed under seal (ECF Nos. 28-1, 28-2, 28-3), no further action is necessary in this regard.

    DATED THIS 27th day of _____December_____, 2021.

                                          _____
                                          RICHARD F. BOULWARE, II
                                          UNITED STATES DISTRICT JUDGE