UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRELL TORRY TAYLOR, | Case No. 2:21-cv-00948-ART-DJA |
| Petitioner, | ORDER |
| v. | |
| CALVIN JOHNSON, *et al.*, | |
| Respondents. | |

Petitioner Terrell Torry Taylor initiated this action *pro se* on May 17, 2021. (*See* ECF No. 1 (*pro se* habeas petition).) Taylor filed a motion for appointment of counsel on November 3, 2021 (ECF No. 11). Respondents filed a motion to dismiss Taylor's *pro se* petition on December 20, 2021 (ECF No. 13). On December 27, 2021, the Court granted Taylor's motion for appointment of counsel and appointed the Federal Public Defender for the District of Nevada ("FPD") to represent him. (ECF No. 29.) In the same order, the Court denied Respondents' motion to dismiss Taylor's *pro se* petition as moot. (*Ibid.*) The FPD appeared on Taylor's behalf on January 26, 2022. (ECF No. 31.)

On May 19, 2022, Taylor filed a motion for leave of court to file a first amended petition (ECF No. 34). Attached to the motion are the proposed first amended petition (ECF No. 34-1) and exhibits in support of the proposed first amended petition (ECF Nos. 34-2 through 34-13). Taylor states that he seeks to file the first amended petition, and submitted it for filing when he did, because he believes the applicable limitations period may have expired on May 24, 2022. (*See* ECF No. 34 at 2.) Respondents did not respond to this motion. The Court grants leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Rule 15 is applied with "extreme liberality." *See United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). When deciding whether to grant leave, a court may consider

such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004). The Court determines that leave to file the first amended petition is in the interests of justice, and there is no indication of bad faith, undue delay, prejudice to Respondents, futility of the amendment, or any other factor weighing against leave to amend. The Court will grant Taylor's motion and order his first amended petition filed.

On May 19, 2022, Taylor also filed a motion requesting entry of a scheduling order providing time for him to file a second amended habeas petition and setting forth a schedule for further proceedings beyond that (ECF No. 35). In that motion, Taylor reiterates that he submitted his first amended petition for filing when he did because of his understanding regarding the operation of the statute of limitations, but he states that he needs more time to conduct a full investigation and further amend his petition as necessary. (*See* ECF No. 35 at 3.) On June 6, 2022, Respondents filed a notice stating that they do not oppose this motion (ECF No. 36). The Court finds that leave for Taylor to file a second amended petition is in the interests of justice, and, here again, the Court sees no indication of bad faith, undue delay, prejudice to Respondents, futility of the amendment, or any other factor weighing against leave to amend. The Court will, therefore, grant this motion as well, and will set a schedule for further proceedings in this action, including a deadline for Taylor to file a second amended petition.

The Court does not, in this order, express any opinion regarding, and does not intend to affect or alter in any manner, the operation of any applicable statute of limitations.

It is therefore ordered that Petitioner's Motion for Leave to File First Amended Protective Petition (ECF No. 34) is granted.

It is further ordered that the Clerk of the Court is directed to separately file Petitioner's First Amended Petition for Writ of Habeas Corpus (ECF No. 34-1).

It is further ordered that the Clerk of the Court is directed to separately file Petitioner's exhibits in support of his First Amended Petition for Writ of Habeas Corpus (ECF Nos. 34-2 through 34-13).

It is further ordered that Petitioner's Motion for Scheduling Order (ECF No. 35) is granted.

It is further ordered that the following schedule will govern further proceedings in this action:

1. <u>Second Amended Petition</u>. Petitioner will have 90 days from the date of this order to file a second amended petition for writ of habeas corpus.

2. <u>Response to Petition</u>. Respondents will have 90 days following the filing of a second amended petition for writ of habeas corpus to file an answer or other response to the second amended petition.

3. <u>Reply and Response to Reply</u>.  Petitioner will have 60 days following filing of an answer to file a reply. Respondents will thereafter have 30 days following filing of a reply to file a response to the reply.

4. <u>Briefing of Motion to Dismiss</u>.  If Respondents file a motion to dismiss, Petitioner will have 60 days following filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following filing of the response to file a reply.

5. <u>Discovery</u>.  If Petitioner wishes to move for leave to conduct discovery, Petitioner shall file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response

to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

      6.   <u>Evidentiary Hearing</u>.  If Petitioner wishes to request an evidentiary hearing, Petitioner shall file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is necessary and must satisfy the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is to be found in the record. If Petitioner files a motion for an evidentiary hearing, Respondents shall file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED THIS 6th day of June, 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE