UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRELL TORRY TAYLOR, | Case No. 2:21-cv-00948-ART-DJA |
| Petitioner, | ORDER |
| v. | |
| JEREMY BEAN, *et al.*, | |
| Respondents. | |

    This habeas corpus action is brought by Terrell Torry Taylor, an individual incarcerated at Nevada's High Desert State Prison. Taylor is represented by appointed counsel. Respondents have filed a motion to dismiss. In response, with his opposition to the motion to dismiss, Taylor filed a motion to stay and a motion for leave to conduct discovery. All three motions are fully briefed. The Court will grant the motion to stay and will stay this action pending the completion of Taylor's ongoing state habeas action. The Court will deny Respondents' motion to dismiss and Taylor's motion for leave to conduct discovery.

    Taylor is serving an aggregate sentence of life in prison with parole possible after 18 years on convictions, after a jury trial, of crimes involving a kidnapping and sexual assault of a woman in Las Vegas. (*See* ECF No. 42 at 2–8 (procedural history as presented in second amended habeas petition).) Taylor's direct appeal and first state habeas action were, for the most part, unsuccessful. (*See id.*; *see also* ECF No. 24-10, 24-15, 25-5, 25-20.)

    This Court received a *pro se* petition for writ of habeas corpus from Taylor on May 17, 2021, initiating this action. (ECF No. 1.) The Court appointed counsel for Taylor and granted him leave to amend his petition. (ECF Nos. 29, 37.) With counsel, Taylor filed a first amended habeas petition on June 7, 2022 (ECF No. 38) and a second amended habeas petition on November 7, 2022 (ECF No. 42).

1

Taylor's second amended petition—now his operative petition—asserts the following claims:

> Ground 1: The State exercised an improper racially motivated peremptory strike, violating Taylor's federal constitutional rights.
>
> Ground 2: The jury engaged in misconduct and the court delivered an improper *Allen* charge, violating Taylor's federal constitutional rights.
>
> Ground 3: Taylor's trial counsel was ineffective, violating his federal constitutional rights.
>
>> A. Trial counsel failed to seek DNA retesting.
>>
>> B. Trial counsel failed to properly litigate the juror misconduct issues.
>
> Ground 4: Taylor and his trial attorneys suffered a complete breakdown in their relationship, violating Taylor's federal constitutional rights.

(ECF No. 42.)

Respondents filed their motion to dismiss on July 3, 2023. (ECF No. 52.) In that motion, Respondents argue that Grounds 1, 2 and 3B are barred by the statute of limitations and that Grounds 2 and 3B are unexhausted in state court and/or procedurally defaulted. On August 31, 2023, with his opposition to the motion to dismiss, Taylor filed a motion to stay and a motion for leave to conduct discovery. (ECF Nos. 55, 56.) In the motion for stay, Taylor seeks a stay of this action while he completes a second state habeas action, which he initiated on March 22, 2023. (ECF No. 55.) According to Taylor, in that second state habeas action, the state district court denied Taylor's petition, ruling it procedurally barred (*see* ECF No. 53-13), Taylor has appealed, and the appeal is currently pending before the Nevada Supreme Court. (*See* ECF No. 55 at 2.)

In *Rhines v. Weber,* 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines*, 544 U.S. at 277–78.

Two of the claims in Taylor's second amended habeas petition—Grounds 2 and 3B—involve alleged juror misconduct in the course of the jury's deliberations, and Taylor's trial counsel's alleged failure to take appropriate action with respect to that matter. (ECF No. 42 at 13–19.) Specifically, Taylor claims that the foreperson of the jury "engaged in physically menacing behavior toward a holdout juror and then lied (or provided materially misleading answers) to the trial court about the incident." (ECF No. 55 at 2; *see also* ECF Nos. 43-1, 43-2 (declarations of jurors filed as exhibits in support of Grounds 2 and 3B).) Respondents argue in their motion to dismiss that the claims in Grounds 2 and 3B are unexhausted in state court. (ECF No. 52 at 9.) Taylor agrees. (*See* ECF No. 55.)

Taylor argues that he litigated his first state habeas corpus action *pro se* and was therefore unable to develop the evidence regarding the actions of the jury foreperson in that action; he argues that he has only been able to do so in this federal habeas action, with the assistance of counsel. (ECF No. 55 at 3–4.) He argues that that claims in Grounds 2 and 3B are not plainly meritless. (*Id.* at 5–10.) And he argues that he has not pursued abusive litigation tactics. (*Id.* at 10–

11.) The Court determines that under the circumstances a stay is warranted under *Rhines*. Taylor shows that there is good cause for his failure to earlier exhaust the claims in Grounds 2 and 3B, that those claims are not plainly meritless, and that he has not engaged in intentionally dilatory litigation tactics. The Court will grant the motion to stay.

The outcome of the pending state habeas action may well have a substantial impact on the resolution of this action—it could conceivably even render it moot. The evidence that Taylor is presenting in state court for the first time is central to his claims in Grounds 2 and 3B. Therefore, the Court determines that the pending state court action should be completed before this case proceeds, and that the Court need not now address Respondents' motion to dismiss or Taylor's motion for leave to conduct discovery. Those motions will be denied, without prejudice to the parties making the same or similar motions, if and when appropriate, after the stay of this action is lifted.

It is therefore ordered that Petitioner's Motion to Stay (ECF No. 55) is granted. This action is stayed pending the conclusion of Petitioner's ongoing second state habeas corpus action. The Clerk of the Court is directed to administratively close this case.

It is further ordered that, following the conclusion of Petitioner's state habeas corpus action, Petitioner must, within 30 days, move to lift the stay.

It is further ordered that this action will be subject to dismissal upon a motion by Respondents if Petitioner does not comply with the time limits in this order, or if he otherwise fails to proceed with diligence during the stay imposed in this order.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 52) is denied without prejudice.

It is further ordered that Petitioner's Motion for Discovery (ECF No. 56) is denied without prejudice.

1    It is further ordered that, pursuant to Federal Rule of Civil Procedure 25(d), Jeremy Bean is substituted for Brian Williams as the respondent warden. The Clerk of the Court is directed to update the docket to reflect this change.

Dated this 8th day of February 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE